hLOBRANO, Judge.
The State seeks our review of the trial court’s grant of defendant’s motion to suppress. After review of the application and the response thereto, we reverse the trial court and deny defendant’s motion.
The arresting officers testified that, while on patrol, they saw defendant driving his car erratically near the corner of Chef Menteur Highway and Downman Road. The officers stopped defendant and, requested his license. Defendant admitted that he had none. When the officers checked they discovered it had been revoked. The officers then arrested defendant, placed him in the back of their ear, and walked back to defendant’s car. The officers looked inside and saw lying in the ashtray two partially-burned cigars, the contents of which had been removed and replaced with green vegetable matter. They also saw a small amount of green vegetable matter in the ashtray. They then seized the ashtray and its contents, all of which tested positive for marijuana. The trial court suppressed that evidence.

JzDISCUSSION:

At the very least, the officers had sufficient reasonable suspicion of criminal activity to justify an investigatory stop. When defendant admitted that he did not have his license with him and the officers discovered his license had been suspended, the reasonable suspicion then became probable cause to arrest him for driving without a license. The officers were justified in arresting him, rather than merely issuing a summons, because if only a summons was issued, defendant would have continued to drive without a valid license. See, La.C.Cr.P. art. 211 A(2).
*224 When the officers walked back to the defendant’s car, looked inside, they saw the marijuana cigars and the loose vegetable matter in the ashtray. At that point, the seizure of the evidence was lawful because of the plain view exception to the warrant requirement. In order for an object to be lawfully seized pursuant to this exception, “(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered;; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband.” State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4th Cir.1993), writ den. 629 So.2d 1126 and 1140 (1993). In Tate, this court further noted: “In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found ‘inadvertently’ in order to fall within this exception to the warrant requirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently.” Tate at 917. Here, the officers had lawfully stopped and arrested the defendant, and when they returned to his car they looked inside |3and saw the contraband lying in plain view. At that point, they had probable cause to enter the car and seize the contraband.
For the foregoing reasons, the trial court judgment is reversed and defendant’s motion to suppress is denied.
REVERSED AND DENIED.